2015 CO 43

**The PEOPLE of the State of Colorado, Petitioner**

v.

**Frank VIGIL, Jr., Respondent**

**Supreme Court Case No. 14SC495**

Supreme Court of Colorado.

June 1, 2015

Rehearing Denied August 3, 2015

Attorneys for Petitioner: Peter A. Weir, District Attorney, First Judicial District, Donna Skinner Reed, Chief Appellate Deputy District Attorney, Golden, Colorado.

Attorneys for Respondent: Nelson Colling Law LLC, Stacie Nelson Colling, Denver, Colorado.

Attorneys for Amici Curiae Juvenile Law Center: Juvenile Law Center, Marsha Levick, Philadelphia, Pennsylvania, Colorado Juvenile Defender Coalition, Kim Dvorchak, Denver, Colorado.

Attorneys for Amici Curiae District Attorneys for the Second and Eighteenth Judicial Districts: Mitchell R. Morrissey, District Attorney, Second Judicial District, Robert J. Whitley, Chief Appellate Deputy District Attorney, Second Judicial District, Denver, Colorado, George H. Brauchler, District Attorney, Eighteenth Judicial District, L. Andrew Cooper, Chief Deputy District Attorney, Eighteenth Judicial District, Centennial, Colorado.

Attorneys for Amicus Curiae Colorado Juvenile Defender Center: Colorado Juvenile Defender Center, Kimberly E. Dvorchak, Denver, Colorado.

JUSTICE EID delivered the Opinion of the Court.

¶ 1 In this C.A.R. 50 petition, the People argue that the trial court erred in ruling that *Miller v. Alabama,* —— U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), applies retroactively to cases on collateral review of a final judgment. Arguing that his sentence was unconstitutional under *Miller,* defendant Frank Vigil Jr. filed a Crim. P. 35(c) motion for post-conviction relief of his final judgment. The trial court applied *Miller* retroactively and granted his motion.

¶ 2 This case is governed by today's decision in *Jensen v. People*, 2015 CO 42, 352 P.3d 959, which holds that *Miller* does not apply retroactively to cases on collateral review of a final judgment. Accordingly, *Miller* does not apply to Vigil. The decision of the trial court to grant Vigil's Crim. P. 35(c) motion is therefore reversed.

## I.

¶ 3 In 1997, the trial court convicted Vigil of first degree murder for his participation in the kidnapping, rape, torture, and murder of a 14–year–old girl. Vigil was sixteen at the time of the crime. The trial court sentenced him to life without the possibility of parole ("LWOP"), because it was the statutorily-mandated sentence for crimes committed between 1990 and 2006. *See People v. Tate*, 2015 CO 42, ¶¶ 32–34, 352 P.3d 959 (discussing the statutory scheme). On direct appeal, the court of appeals affirmed the conviction. *People v. Vigil*, No. 98CA0689 (Colo.App. July 29, 1999). This court denied Vigil's certiorari petition, and the judgment became final.

¶ 4 In 2013, Vigil filed a Crim. P. 35(c) motion for post-conviction relief, arguing that his sentence was unconstitutional under *Miller*. Finding that *Miller* applied retroactively to Vigil's sentence, the trial court granted the motion. The People then filed a petition with this court for review pursuant to C.A.R. 50, arguing that *Miller* does not apply retroactively. This court granted review.[1]

## II.

¶ 5 Today we hold in *Jensen* that *Miller* does not apply retroactively to cases on collateral review of a final judgment. Because Vigil's judgment is final, and he is challenging that judgment on collateral review through a Crim. P. 35(c) motion, *Miller* does not apply.

¶ 6 We therefore reverse the trial court's decision to apply *Miller* retroactively to Vigil's collateral Crim. P. 35(c) motion.[2]

## III.

¶ 7 For the reasons stated above, we reverse the trial court's granting of the Crim. P. 35(c) motion.

JUSTICE HOOD dissents, and JUSTICE HOBBS joins in the dissent.

JUSTICE BOATRIGHT does not participate.

JUSTICE HOOD, dissenting.

¶ 8 Today, in *People v. Jensen*, 2015 CO 42, 352 P.3d 959, this court held that the rule announced by the Supreme Court in *Miller v. Alabama*, —— U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), is procedural and, as a result, does not apply retroactively to cases on collateral review. In this case, the court says no more than it did in *Jensen*. Thus, for the same reasons I articulated in *Jensen*, I respectfully dissent here too. (In this case, it should be noted, however, that the People are represented by the District Attorney for the First Judicial District, who does not concede retroactivity, as the Attorney General did in *Jensen*.) Because the *Miller* rule is substantive, I would apply it retroactively to Vigil and affirm the trial court's order granting his Crim. P. 35(c) motion.

I am authorized to state that JUSTICE HOBBS joins in this dissent.

---

**1.** The questions upon which we granted certiorari are the following:
  1. Whether *Miller v. Alabama*, —— U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), is to be applied retroactively to cases on collateral review.
  2. If *Miller v. Alabama* is retroactive, whether the trial court properly ordered a new sentencing hearing.

**2.** Because we find that *Miller* does not apply retroactively to cases on collateral review of a final judgment, we need not consider the second certiorari question regarding the propriety of a new sentencing hearing.